UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA — WESTERN DIVISION

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GLORIA MOLINA, et al.,<br><br>　　　　Defendants. | Case No. CV 08-7169-JFW (JWJ)<br><br>**MEMORANDUM AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT WITH LEAVE TO AMEND** |

## I. BACKGROUND

On November 7, 2008, plaintiff Maurice P. Olivier filed a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" (hereinafter "Complaint").[1] This Court screened the Complaint pursuant to 28 U.S.C. § 1915A, the Federal Rules of Civil Procedure, and the Local Rules of the Central District of California.

Plaintiff alleges that defendants Gloria Molina, Yvonne B. Burke, Zev Yaroslavsky, Don Knabe, Michael D. Antonovich, Leroy Baca, and Dr.

---

[1] Plaintiff included an additional page between pages 4 and 5 of the Petition. For clarity, this Court has numbered this page as "4a." Plaintiff also included eight pages between pages 5 and 6 of the Petition; the Court has numbered these pages as "5a," "5b," "5c," "5d," "5e," "5f," "5g," and "5h," respectively.

Policarpio F. Enriquez violated plaintiff's due process rights while plaintiff was incarcerated at the Los Angeles County Central Jail. (Complaint, pp. 2-5h.) Plaintiff names all seven defendants in their official and individual capacities. (Id. at 3-4a.)

Plaintiff alleges that defendants Molina, Burke, Yaroslavsky, Knabe, Antonovich, and Baca violated plaintiff's constitutional rights by failing to implement a court order to discontinue the practice of "floor sleeping." (Complaint, pp. 5-5e.) Plaintiff alleges that he was forced to live and sleep on a concrete floor for six days without "access to basic human needs such as a bed, blanket, pillow, shower, toothbrush, toothpaste, soap, towell [sic], and razors." (Id.)

Plaintiff also alleges that unspecified county employees assigned plaintiff to cell A-20, which was infested with rats, mice, roaches, and red ants. (Id. at 5f.) Plaintiff alleges that he was "forced to live in these horrid conditions for 45 days," and that plaintiff contracted lice from the mattress he was sleeping on. (Id.)

Finally, plaintiff alleges that defendant Dr. Enriquez prescribed plaintiff with medication to treat high blood pressure, diabetes, and acid reflux disease. (Id. at 5g.) Plaintiff claims that he did not actually receive any of the prescribed medication for 43 days after his visit with Dr. Enriquez. (Id.) Plaintiff alleges that Dr. Enriquez failed to verify that unspecified health care departments followed up on Dr. Enriquez's medical orders. (Id.) Plaintiff also appears to claim that Dr. Enriquez failed to provide plaintiff with appropriate dental and eye care. (Id. at 5h-5i.)

Plaintiff seeks the following relief: a) compensatory and "continuing" damages of $33,000.00; and b) punitive damages of $333,000. (Complaint, p. 6.)

For the reasons discussed below, the Complaint is dismissed with leave to

amend.

## II. STANDARD OF REVIEW

A court may dismiss a claim upon motion of the defendants or <u>sua sponte</u> pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." See <u>Wong v. Bell</u>, 642 F.2d 359, 361-62 (9th Cir. 1981). A Complaint may be dismissed for failure to state a claim upon which relief can be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). In reviewing a Complaint under this standard, the Court must accept as true the allegations of the Complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). However, the "court is not required to accept legal conclusions cast in the form of factual allegations that cannot reasonably be drawn from the facts alleged [citations omitted]." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752, 754 (9th Cir. 1994).

Review of a complaint for failure to state a claim is generally limited to the contents of the complaint. See <u>Buckey v. City of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir.), <u>cert. denied</u>, 506 U.S. 999, 113 S. Ct. 599, 121 L. Ed. 2d 536 (1992). However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss, and such material is not "outside" the complaint if the complaint specifically refers to the document(s) and its authenticity is not questioned. See <u>Branch v. Tunnell</u>, 14 F.3d 449,

453 (9th Cir. 1994) (citations omitted), cert. denied, 512 U.S. 1219, 114 S. Ct. 2704, 129 L. Ed. 2d 832 (1994). The Court may also properly consider material submitted as exhibits to the complaint, see Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1555 (9th Cir. 1990), and documents crucial to the plaintiff's claims, but not explicitly incorporated in the complaint. See Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir.), cert. denied, 525 U.S. 1001, 119 S. Ct. 510, 142 L. Ed. 2d 423 (1998) (citing Branch v. Tunnell, 14 F.3d at 454). The Court may properly consider matters of public record: for example, pleadings, orders and other papers on file in another action pending before the court, records and reports of administrative bodies, or the legislative history of laws, rules or ordinances. See Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

The complaint may be dismissed where it discloses some fact that will necessarily defeat the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-29 (9th Cir. 1984). However, in a pro se civil rights case, the complaint must be construed liberally to afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Karim-Panahi, 839 F.2d at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

### III.  DISCUSSION

**A.  Official Capacity Claims Against Municipal Officials.**

Plaintiff names Gloria Molina, Yvonne B. Burke, Zev Yaroslavsky, Don Knabe, Michael D. Antonovich, Leroy Baca, and Dr. Policarpio F. Enriquez as

defendants in their individual and official capacities. (Complaint, pp. 3-4a.) However, local officials named in their official capacities can be sued where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Department of Social Services, 436 U.S. 658, 690, 690 n.55, 98 S. Ct. 2018, 2035-36 n.55, 56 L. Ed. 2d 611 (1978).

A plaintiff may also establish municipal liability by demonstrating that a municipal official with final decision-making authority has a choice among alternative courses of action. See Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

Here, plaintiff sets forth no facts or allegations that the aforementioned defendants committed any violations which derived from an official municipal policy or practice. Plaintiff also makes no allegations that any of the defendants has final decision-making authority and was making a choice among alternative courses of action. Accordingly, plaintiff's Complaint must be dismissed with leave to amend to allow plaintiff an opportunity to allege facts establishing liability against the aforementioned municipal defendants in their official capacities.

**B.     Caption.**

Local Rule 11-3.8(d) provides that "[t]he names of the parties shall be placed below the title of the Court and to the left of center, and single spaced." Therefore, the names of all the defendants must appear in the caption of the complaint. In the body of his Complaint, plaintiff identifies the following as defendants in this action: Gloria Molina, Yvonne B. Burke, Zev Yaroslavsky, Don Knabe, Michael D. Antonovich, Leroy Baca, and Dr. Policarpio F. Enriquez. (Complaint, pp. 3-4a.) However, plaintiff has only named Gloria

Molina, Leroy Baca, and Dr. Policarpio F. Enriquez in the caption of the Complaint. Accordingly, the Complaint must be dismissed with leave to amend to allow plaintiff to name in the Complaint caption all individuals plaintiff intends to include as defendants in this action.

## ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Complaint is **dismissed with leave to amend** as to defendants Gloria Molina, Yvonne B. Burke, Zev Yaroslavsky, Don Knabe, Michael D. Antonovich, Leroy Baca, and Dr. Policarpio F. Enriquez in order to allow plaintiff an opportunity to remedy the deficiencies explained above.

Plaintiff shall have **twenty-one (21)** days from the date of this Order to file a First Amended Complaint. The First Amended Complaint must comply with all the applicable provisions of the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (codified in Sections of Titles 18, 28 and 42 U.S.C.), the Federal Rules of Civil Procedure, and the Local Rules for the Central District of California.

The First Amended Complaint must be labeled with the case number assigned to this case, and must be labeled "First Amended Complaint." In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to make plaintiff's First Amended Complaint complete. Local Rule 15-2 requires that an amended complaint be complete in and of itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The Court Clerk is directed to enclose with this Order two copies of the

1 | form civil rights complaint for plaintiff's use in preparing a First Amended
2 | Complaint.
3 |     Failure to file a First Amended Complaint in accordance with this Order
4 | will result in a recommendation that this action be dismissed with prejudice for
5 | failure to prosecute and/or failure to comply with this Court's order. See Fed.
6 | R. Civ. P. 41(b); see also Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S.Ct.
7 | 1386, 1388, 8 L.Ed.2d 734 (1962).

9 | DATED: 7/21/09

JOHN F. WALTER
United States District Judge

13 | Presented by:

15 | DATED: July 14, 2009

JEFFREY W. JOHNSON
United States Magistrate Judge