UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE P. OLIVIER,<br><br>    Plaintiff,<br><br>    v.<br><br>GLORIA MOLINA, et al.,<br><br>    Defendants. | NO. CV 08-7169-JFW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de novo*, including the First Amended Complaint filed on August 12, 2009; the Magistrate Judge's Report and Recommendation ("R&R"); Plaintiff's Objections ("Pl. Objections") filed on June 24, 2010; Defendants' Objections ("Def. Objections") filed on June 24, 2010; and the records and files. Based upon the Court's *de novo* review, the Court agrees with the recommendation of the Magistrate Judge. The parties' objections are overruled.

In his Objections, Plaintiff requests that the Court order the ACLU to provide Plaintiff with a copy of a 2006 consent decree and documents related to the ACLU's monitoring of the Los Angeles County Jail. (Pl. Objections at 4.) Plaintiff refers to the Magistrate Judge's denial of a motion to compel the ACLU to

1 produce these documents.  (*Id.*)  On April 19, 2010, the Magistrate Judge denied
2 Plaintiff's motion to compel "without prejudice to Plaintiff's renewing the motion if
3 the Court denies the motion to dismiss."  (Dkt. No. 76 at 3.)  Plaintiff's request is
4 therefore DENIED without prejudice.  However, he may file a new motion to
5 compel before the Magistrate Judge seeking to enforce the subpoena he served
6 on the ACLU.

7       Plaintiff also requests that the Clerk mail him a copy of the First Amended
8 Complaint.  (Pl. Objections at 4.)  Although Plaintiff does not explain what
9 happened to his copy, his request is nonetheless GRANTED.  The Clerk is
10 DIRECTED to mail a copy of the First Amended Complaint (Dkt. No. 16) to
11 Plaintiff.

12       In their Objections, Defendants claim that "the PLRA forbids Plaintiff from
13 bringing his unexhausted claim in the same action as any exhausted claim."
14 (Def. Objections at 9.)  Because the Court is dismissing Claim Three for failure to
15 exhaust, Defendants argue that the Court is compelled to dismiss the entire
16 complaint without prejudice.  (*Id.* at 10.)  Defendants' argument is legally
17 incorrect.  *See Jones v. Bock*, 549 U.S. 199, 219-24, 127 S. Ct. 910, 166 L. Ed.
18 2d 798 (2007) (rejecting the total exhaustion rule articulated by the Sixth Circuit);
19 *see also Nunez v. Duncan*, 591 F.3d 1217, 1223-24 (9th Cir. 2010) (*Jones v.*
20 *Bock* "held that the PLRA does not require that a prisoner include only exhausted
21 claims in his federal court complaint, on pain of having his entire complaint
22 dismissed if he includes an unexhausted claim; rather, if a prisoner includes both
23 exhausted and unexhausted claims, the court should dismiss only the
24 unexhausted claim or claims.").

25       Defendants also claim that the Magistrate Judge "acknowledge[d]" that
26 Plaintiff never provided any supporting facts for his assertion that he filed a
27 grievance with respect to Claim One.  (Def. Objections at 6 (citing to R&R at 7).)
28 Defendants' contention tells only part of the story.  It is true that in Plaintiff's

1 | opposition filed on December 10, 2009, his statement that he filed a grievance
2 | was conclusory.  However, in his supplemental opposition filed on March 26,
3 | 2010, Plaintiff attached copies of the grievances he claims to have submitted.
4 | (*See* R&R at 8.)  In summary, Plaintiff claims (1) he submitted a grievance to the
5 | jail twice, (2) he sent copies of those grievances to an outside law firm, (3) he no
6 | longer possessed the copies, but (4) through third-party discovery, he was able to
7 | obtain the copies he had submitted to the firm, which he then attached to his
8 | supplemental opposition.
9 |      IT IS ORDERED that (1) the Report and Recommendation is adopted; (2)
10 | Defendants' unenumerated Rule 12(b) motion based on failure to exhaust
11 | remedies is granted in part and denied in part; (3) Claim Three is dismissed
12 | without prejudice for failure to exhaust administrative remedies; (4) Defendants'
13 | Rule 12(b)(6) motion to dismiss for failure to state a claim is granted in part and
14 | denied in part; (5) Defendants Molina, Burke, Yaroslavsky, Knabe, and
15 | Antonovich are dismissed; and (6) Claim Two is dismissed with leave to amend
16 | solely to allege a claim against Sheriff Leroy Baca in his individual and/or official
17 | capacity.  Plaintiff is granted leave to file a Second Amended Complaint within 30
18 | days after the date of this order.  The Second Amended Complaint must bear the
19 | docket number assigned in this case, be labeled "Second Amended Complaint,"
20 | and be complete in and of itself without reference to a previous complaint or any
21 | other pleading, attachment, or document.  The Clerk is DIRECTED to mail a
22 | blank civil rights complaint form to Plaintiff.

DATED: July 6, 2010

JOHN F. WALTER
United States District Judge